**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:26-cv-80834-GAYLES**

**KEITH BYRD**,

Plaintiff,

v.

**OFFICER ELDERS,** *et al.*,

Defendants.
______________________________/

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** comes before the Court on Plaintiff Keith Byrd's *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Motion") [ECF No. 3]. In the IFP Motion, Plaintiff asks the Court to allow him to proceed *in forma pauperis* ("IFP") — that is, without prepaying the $405.00 fee that is typically due when a person files a civil action.[1] For the reasons explained, the IFP Motion is **DENIED WITHOUT PREJUDICE**.

On June 22, 2026, Plaintiff filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (the "Complaint") [ECF No. 1].[2] In the Complaint, Plaintiff alleges that a group of officers from the Palm Beach County Sheriff's Office assaulted him while he was being held in their jail for a hearing. *See generally id.* When he filed the Complaint, Plaintiff also filed the IFP Motion. *See*

---

[1] The $405 fee includes a $350 statutory filing fee for civil actions, *see* 28 U.S.C. § 1914(a), along with a $55 administrative fee, *see* U.S. Dist. Ct. for the S. Dist. of Fla., *Court Fees*, https://www.flsd.uscourts.gov/court-fees (last visited Sept. 10, 2026). A prisoner who is granted IFP status will be assessed only the $350 statutory fee and will not be responsible for the $55 administrative fee. *See Ellis v. City of Miami Beach*, No. 24-CV-25108-JB, 2025 WL 4762592, at *1 n.1 (S.D. Fla. Feb. 18, 2025). A prisoner who is denied IFP status, on the other hand, must pay the full $405. *See id.*

[2] While the Complaint was docketed on July 15, 2026, under the prison mailbox rule Plaintiff filed it on June 22, 2026. *See* [ECF No. 1 at 5]; *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (quotation marks omitted)); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").

[ECF No. 3]. He attached to the IFP Motion a financial statement from his prison trust account covering only the month of June 2026. *See id.* at 3.

A court "may authorize the commencement" of an action "without prepayment of fees or security therefor" if a party "submits an affidavit that includes a statement of all assets" he possesses, along with a statement that "the person is unable to pay such fees or give security therefor," a description of "the nature of the action," and "affiant's belief that" he "is entitled to redress." *See* 28 U.S.C. § 1915(a)(1). When the party is a prisoner, he must also file "a certified copy of the trust fund account statement (or institutional equivalent)" for "the 6-month period immediately preceding the filing of the complaint," which is "obtained from the appropriate official of each prison at which the prisoner is or was confined." *See id.* § 1915(a)(2).

Plaintiff is a prisoner seeking to file a civil action. *See* [ECF No. 1]. He filed the Complaint on June 22, 2026. *See* [ECF No. 1 at 5]. And he included an account statement with his IFP Motion as § 1915(a)(2) requires. *See* [ECF No. 3 at 3]. The problem for Plaintiff is that the account statement is statutorily required to cover the 6-month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2). In this case, that means the account statement had to show Plaintiff's account details from December 22, 2025 through June 22, 2026 for him to be considered for IFP status. It did not.

Because Plaintiff failed to submit an account statement covering the correct time period, he failed to comply with § 1915(a)(2). For that reason, the Court will deny the IFP Motion without prejudice.[3] *See Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.").

---

[3] The Court also notes that Plaintiff's IFP application itself, which is contained on the court-created form, contains very few details about his income, assets, and obligations. *See* [ECF No. 3 at 1–2]. As a result, the Court would likely lack sufficient information to consider Plaintiff for IFP status even if he had submitted a complete account statement.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [ECF No. 3], is **DENIED WITHOUT PREJUDICE**.
2. **On or before October 10, 2026**, Plaintiff must either:
    a. Pay the filing fee of $405; or
    b. Submit an Amended IFP Motion that contains **both**
        i. Adequate details about his income, assets, and obligations, and
        ii. A complete 6-month account statement.
3. Plaintiff is cautioned that failure to comply with this Order will result in dismissal of the Complaint without prejudice for failure to prosecute and failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).
4. The Clerk is **DIRECTED** to mail Plaintiff a copy of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: all counsel of record

**Keith Byrd**
W24408
Santa Rosa Correctional Institution
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
*PRO SE*